UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MERCEDES KURTIS,<br><br> Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br> Defendants. | Case No. 4:25-CV-0008-GSL-JEM |

**OPINION AND ORDER**

The matter before the Court is Plaintiff's Motion to Remand. [DE 18]. The parties made oral arguments to the Court on July 16, 2025. [DE 34]. For the reasons below, the Court GRANTS Plaintiff's motion.

**A. Procedural History**

On May 18, 2023, Plaintiff filed this case in state court in Tippecanoe County, Indiana. [DE 5]. She alleged violations of the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA), relating to disputed information in her credit file. She also alleged that Defendant sold her credit report, thereby sharing the disputed information with a third party. Subsequently, Defendant removed the case to federal court, and the case was assigned to another judge in this district.[1] *Kurtis v. Equifax Info. Servs. LLC*, No. 4:23-cv-66 (N.D. Ind.), ECF No. 1 (July 31, 2023). Plaintiff amended her complaint, dropping the claim that Defendant sold her credit report to a third party. ECF No. 46 (June 28, 2024). As a result, Plaintiff's only damages related to emotional distress. *Id.* The court held that emotional distress was insufficient to

---

[1] To avoid confusion, the Court will cite to entries in other dockets by using the notation: ECF No. x. Citations to entries in the instant docket will use the Court's standard convention: [DE x].

constitute an injury-in-fact necessary to confer Article III standing. ECF No. 50 (July 18, 2024). Because of this, the case was remanded to state court. *Id.*

In February 2025, Defendant removed the case again, and this time it was assigned to this Court. [DE 1]. Defendant alleges that Plaintiff now seeks damages beyond emotional distress, thereby constituting a concrete injury sufficient to confer Article III standing. *Id.* at 2. To support this, Defendant references Plaintiff's response to Defendant's state court motion for summary judgment. *Id.* at 2–3. Plaintiff filed the instant motion to remand the case. [DE 18]. She argues that Defendant removed the case (for a second time) because the state court judge ruled against Defendant on a discovery motion, was likely to rule against Defendant on summary judgment, and was prepared to proceed to jury trial later that month. [DE 19].

### B. Legal Standard

Article III of the U.S. Constitution limits the jurisdiction of federal courts. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). The power of federal courts is confined to "cases" and "controversies." *Id.* at 423. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.*

To establish standing, a plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). If the plaintiff fails to satisfy these requirements, then no case or controversy exists, and the federal court lacks jurisdiction to hear the case. *Id. See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019) (finding a lack of subject matter jurisdiction where the plaintiff only alleged a "procedural violation" of the FCRA, without establishing an injury-in-fact).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**C. Discussion**

In the Seventh Circuit, emotional distress is not a concrete injury, so it does not confer Article III standing. *See Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665 (7th Cir. 2021) (rejecting "anxiety", "embarrassment", "stress", and other emotional harms as injuries-in-fact). But sister courts in the Northern District of Illinois have found that "physical manifestations" of emotional distress may be considered a concrete injury. *E.g.*, *Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) (finding standing where the plaintiff was "so angry she began shaking"); *Mladenov v. R1 RCM, Inc.*, No. 21-CV-01509, 2022 WL 5116450, at *3 (N.D. Ill. Oct. 4, 2022) (finding standing where the plaintiff "suffered from lack of sleep, loss of appetite, and an inability to focus while working"); *Billups v. I.C. Sys., Inc.*, No. 21 C 1018, 2022 WL 3684572, at *5 (N.D. Ill. Aug. 25, 2022) (finding standing where the plaintiff made "allegations of headaches and loss of sleep").

Defendant claims that Plaintiff identified "physical manifestations" of emotional distress in her state court briefings. [DE 23, page 12]. These alleged new injuries include Plaintiff "not speaking, having unusual 'conduct,' making a facial 'expression' which indicated her distress, acting differently, avoiding physical contact with her family, and avoiding physically engaging in family activities." [*Id.*].

Even if the Court accepted the position of its sister courts in Illinois, Plaintiff's "new injuries" do not meet the threshold of concrete injuries. The "injuries" identified by Defendant only give context to Plaintiff's alleged emotional distress. Defendant has not demonstrated, by case law or argument, that those injuries rise to the level of "physical manifestations" of

3

emotional distress. Nor has Plaintiff claimed to be seeking damages beyond those related to emotional distress. Therefore, under Seventh Circuit precedent, Plaintiff has not alleged a concrete injury, and she does not have Article III standing.

## **CONCLUSION**

For these reasons, the Court GRANTS Plaintiff's Motion to Remand [DE 18] and DIRECTS the Clerk of Court to remand this matter to the Tippecanoe County, Indiana, Circuit Court.

SO ORDERED.

ENTERED: July 18, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

4